UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

INDICTMENT NO. 0:20-cr-19-EBA                                ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                              SENTENCING MEMORANDUM

RONALD STINESPRING                                                       DEFENDANT

                             ** ** ** ** ** **

 The Defendant pled to three counts of violation of 18 U.S.C §2251(a), production of visual depictions involving minors engaged in sexual explicit conduct using means of interstate commerce. It is important to note Counts 1, 2 and 3 are mandatory minimums with the minimum being 15-years and the maximum being 30-years. He also pled guilty to possession of matter containing visual depictions of minors engaged in sexually explicit conduct which matters transported in interstate commerce a violation of 18 U.S.C. §2252(a)(4)(B) which carries a punishment of up to 20-years imprisonment. He also pled guilty to tampering with a witness in violation of 18 U.S.C. §1512(b)(1) punishment up to 20-years.

 The U.S. is seeking a sentence of 120-years imprisonment based on the offense conduct and the factors as set out in 18 U.S.C. §3553(a).

 Obviously, they are recommending consecutive sentences and not concurrent sentences.

The Defendant cannot dispute what he has plead guilty to the charges for which he provided a sufficient factual basis for each count. However, he does dispute the characterizations as it relates to the mental and physical abuse, which he had charges currently pending in Elliott Circuit Court in Sandy Hook, Kentucky. Those charges are completely unrelated to the sex acts and to the production of the pictures. In fact, not all the pictures are sexually explicit as only approximately 5 to 6 of the pictures are actually sexually explicit as that term is defined under the statute. Be that as it may, that does not account for his behavior and what he has plead guilty to.

In applying the factors under 18 U.S.C. §3553, the history and characteristics of the Defendant shows that this individual has sufficient mental, physical and emotional problems. One good thing about him is that he has a criminal history category of 1. His criminal history as it relates to convictions is 0, which is a positive factor on his behalf; however, the offense is serious and the punishment needs to promote respect for the law and to provide just punishment for the offenses he has pled guilty to which would provide a deterrence and would protect the public. Needless to say the Defendant is in need of medical care and treatment that can best be provided by the Federal Bureau of Prisons.

The Defendant believes that the Court should be guided by USSG §5G1.2(c). Which provides: "If the sentence imposed carrying the highest statutory maximum is adequate to achieve the total punishment then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." According to the application notes in USSG 5G1.2: "Except as otherwise required by subsection (e) (does not apply here) or any other law, the total punishment is to be imposed on each count and the sentences on all counts are to be imposed to run concurrently to the extent allowed by the statutory maximum sentence of imprisonment for each count of conviction." *Federal Sentencing Guideline Manual, Vol. 1, 2221 Edition*.

In this case we have statutory maximums on 3 counts and under the commentary application notes USSG 5G1.2 states: "Usually, at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count. The sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentences...." *Supra 450-451*. In this particular case the maximum is 30-years, Counts 1, 2 and 3, with Count 4 being 20 and Count 5 being not more than 20 also. Therefore, the Defendant submits that under the scheme as

3

outlined in the sentencing guidelines that Counts 1, 2, 3 4, and 5 should run concurrent with 30-years being the maximum sentence.

The Defendant recognizes that with a 30-year sentence he most likely will not be able to serve out based on his age, along with his physical and mental problems. However, it would serve as a deterrent and would promote respect for the law and serve the ends of justice as it would not be unduly harsh, however it would be appropriate based his history, characteristics and more importantly his age.

## RESTITUTION

The government is seeking restitution as it pertains to these charges which the Defendant objects to. In reviewing the Skaggs Consulting, PLLC for victim 3, is diagnosed with Post-Traumatic Stress Disorder, chronic and Major Depressive Disorder, Recurrent Episodes, Moderate. At first blush the report states that the "Traumatic events such as childhood abuse or sexual trauma increase an individual's suicide risk...." Then it goes on with all the literature and then it breaks down the conservative recommendations for future treatments with the total estimated costs of $44,512.50.

In the Psychiatric History, victim 3 states that she participated in counseling from 2012-2015 in Carrolton, Ohio and she went to weekly counseling. What this had to deal with is the abuse and trauma that she sustained in her formative years before

4

she was adopted. She was subjected to abuse both physical and mental. This caused her to participate in counseling. She finally ended up staying with maternal grandparents who couldn't handle her and put her and her sisters in foster care. Her mother was a drug addict.

Now she is getting straight A's, completed the ACT and is currently in between jobs.

She was subject to a battery of tests which lead to the current diagnoses. What is obvious is you cannot separate the past history from the present history as it relates to her childhood up bringing which was filled with abuse, both physical and mental.

Victim 1 was subject to the same procedures utilized by Skaggs with an estimate cost of future treatment of $42,937.50

The abuse to the three victims began well before the Stinesprings adopted the three girls. The abuse was not from Stinespring but from the victim's parents and grandparents. That abuse involved not only physical and mental, but also sexual abuse. Therefore, the government is wanting the Defendant to pay restitution for abuse that had occurred prior to him taking the children to Kentucky.

The Defendant submits that USSG §5E1.1(b)(2)(B) should be applied: "determining complex issues of fact related to the cause or amount of victim's losses would complicate or prolong the

5

sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process."

The Defendant submits that this is right on point and in fact any sentence imposed by this Court, be it 15, 30 or 120-years is going to be a life sentence for this individual. As he has no funds and if indeed the Court does want to provide for restitution then the Defendant is requesting a separate hearing on the issue of restitution with the victims and the counselors being required to be present so the Court can get the full jest of the damages that were allegedly sustained by these children prior to the Defendant adopting the children. This request is being made pursuant to 18 U.S.C. §3664(6)(e).

WHEREFORE, the Defendant prays for the appropriate relief.

CURTIS LEGAL SERVICES, PSC
1544 Winchester Ave., Ste. 708
P. O. Box 1455
Ashland, KY 41105-1455
Telephone (606)324-5435
Facsimile (606)324-5496

/s/ Michael J. Curtis
MICHAEL J. CURTIS
COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2022, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send the Notice of Electronic Filing to all parties.

/s/ Michael J. Curtis
MICHAEL J. CURTIS