# UNITED STATES DISTRICT COURT
Eastern District of Kentucky – Northern Division at Ashland

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>Ronald Stinespring | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 0:20-CR-019-SS-DLB-01<br>USM Number: 26884-509<br><br>Michael J. Curtis<br>Defendant's Attorney |

Eastern District of Kentucky
**FILED**
OCT 21 2022
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1SS-5SS [DE# 81]

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2251(a) | Production of Visual Depictions Involving Minor Engaged in Sexually Explicit Conduct Using Means of Interstate Commerce | October 17, 2017 | 1SS |
| 18:2251(a) | Production of Visual Depictions Involving Minor Engaged in Sexually Explicit Conduct Using Means of Interstate Commerce | September 19, 2018 | 2SS |
| 18:2251(a) | Production of Visual Depictions Involving Minor Engaged in Sexually Explicit Conduct Using Means of Interstate Commerce | 2018 | 3SS |

The defendant is sentenced as provided in pages 2 through   **9**   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 17, 2022
Date of Imposition of Judgment

*/s/ David L. Bunning*
Signature of Judge

Honorable David L. Bunning, U.S. District Judge
Name and Title of Judge

October 21, 2022
Date

Case: 0:20-cr-00019-DLB-EBA  Doc #: 108  Filed: 10/21/22  Page: 2 of 9 - Page ID#: 510
AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 9*

DEFENDANT: Ronald Stinespring
CASE NUMBER: 0:20-CR-019-SS-DLB-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18: 2252(a)(4)(B) | Possession of Matter Containing Visual Depictions of Minors Engaged | March 1, 2019 | 4SS |
| 18:1512(b)(1) | Tampering with a Witness, Victim or an Informant | January 2022 | 5SS |

Judgment — Page 3 of 9*

DEFENDANT: Ronald Stinespring
CASE NUMBER: 0:20-CR-019-SS-DLB-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**THREE HUNDRED SIXTY (360) MONTHS ON CTS. 1SS, 2SS, AND 3SS, IMPOSED CONSECUTIVELY, TWO HUNDRED FORTY (240) MONTHS ON CT. 4SS, IMPOSED CONCURRENTLY, AND ONE HUNDRED TWENTY (120) MONTHS ON CT. 5SS, IMPOSED CONSECUTIVELY TO ALL OTHER COUNTS, FOR A TOTAL TERM OF TWELVE HUNDRED (1,200) MONTHS**

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in a sex offender treatment program.
That the defendant be designated to FMC Butner, NC.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 4 of 9*

DEFENDANT: Ronald Stinespring

CASE NUMBER:    0:20-CR-019-SS-DLB-01

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

**LIFE FOR CTS.1-4, ON EACH COUNT, TO RUN CONCURRENTLY, AND THREE (3) YEARS ON CT. 5 TO RUN CONCURRENTLY WITH CTS 1 – 4,**

**FOR A TOTAL OF LIFETIME SUPERVISED RELEASE.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 3A - Supervised Release

| | | Judgment—Page 5 of 9* |
|---|---|---|

DEFENDANT: Ronald Stinespring
CASE NUMBER: 0:20-CR-019-SS-DLB-01

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. You must comply strictly with the orders of your physicians or other prescribing source with respect to the use of any prescribed controlled substances. You must report any changes regarding your prescriptions to your probation officer immediately (i.e., no later than 72 hours). The probation officer may verify your prescriptions and your compliance with this paragraph.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: Ronald Stinespring
CASE NUMBER: 0:20-CR-019-SS-DLB-01

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program for treatment of mental health/sexual disorders; must undergo a sex offender risk assessment, psychosexual evaluation and / or other evaluation as needed; must be subject to periodic polygraph examinations, Computer Voice Stress Analysis (CVSA) testing and/or other psychological and physiological testing, at the discretion and direction of the probation officer; and, must follow the rules and regulations of the sex offender treatment program as implemented by the probation office.

2. Your residence and employment must be pre-approved by the probation officer and in compliance with state and local law.

3. You must not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and must have no contact with victims.

4. You must not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

5. You must not view or possess any "visual depiction" (as defined in 18 U.S.C. §2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct"(as defined in 18 U.S.C. § 2256) or that would compromise your treatment. You must not enter into any location where such materials, sexually stimulating performances, or sexually oriented material, items or services are available.

6. You must not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256, or that would compromise your sex offender treatment. You must not enter any location where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.

7. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, is a student, or was convicted of a qualifying offense.

8. You must not possess or use a computer (as defined in 18 U.S.C. § 1030(e)(1)) or any electronic device with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer.

9. You must consent to the U.S. Probation Office conducting unannounced examinations of any and all electronic devices (i.e. computer system(s), internal/external storage devices, hand-held devices, etc.), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s) or electronic devices any hardware/software to monitor device use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

10. You must provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and all electronic devices; all account user names; all passwords used by him; and, will abide by all rules of the Electronic Device Restriction and Monitoring Program.

Judgment—Page 7 of 9*

DEFENDANT: Ronald Stinespring
CASE NUMBER: 0:20-CR-019-SS-DLB-01

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

11. You must submit your person, properties, homes, residences, vehicles, storage units, papers, computers (as defined in 18 U.S.C. § 1030(e)(1), but including other devices excluded from this definition), other electronic communications or cloud storage locations, data storage devices or media, or offices, to a search conducted by a United States probation officer. Failure to submit to a search will be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

12. You must provide the probation officer with access to any requested financial information.

13. You must not communicate or interact in any manner with the individuals referenced in paragraph # 8 of the PSR, including their victim advocates, both while in custody of the BOP and while on supervised release, without first receiving permission. (Victim 1 M.E.S.; Victim 2: M.S.; and Victim 3 D.S.)

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment — Page 8 of 9*

DEFENDANT: Ronald Stinespring
CASE NUMBER: 0:20-CR-019-SS-DLB-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 500.00 | $ 827,073.88 | $ Waived | $ N/A | $ Waived |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim 1 - M.E.S. | $42,937.50 | $42,937.50 | |
| Victim 2 - M.S. | $739,623.88 | $739,623.88 | |
| Victim 3 - D.S. | $44,512.50 | $44,512.50 | |
| **TOTALS** | $ 827,073.88 | $ 827,073.88 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 7 – Schedule of Payments

Judgment — Page 9 of 9

DEFENDANT:  Ronald Stinespring
CASE NUMBER:  0:20-CR-019-SS-DLB-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ $827,573.88 due immediately, balance due

   ☐ not later than _____ , or
   ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary penalties are payable to:
Clerk, U. S. District Court, Eastern District of Kentucky
336 Carl Perkins Fed Bldg., 1405 Greenup Ave., Ashland, KY 41101

That the restitution payments be disbursed and apportioned equally among the three victims, Victim 1: M.E.S. 1/3; Victim 2: M.S. 1/3; and Victim 3: D.S. 1/3, (i.e.: if the defendant makes a $75.00 payment, each individual victim will be apportioned $25.00).*

**INCLUDE CASE NUMBER WITH ALL CORRESPONDENCE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*    Total Amount    Joint and Several Amount    Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
The thirty five items outline in Docket Entry #93, Agreed Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.